(169 App. Div. 494)    In re AYLER.

(Supreme Court, Appellate Division, First Department. November 5, 1915.)

ATTORNEY AND CLIENT ☞44—DISBARMENT—GROUNDS.

That an attorney induced his client to intrust her money to him under a representation that he would keep it for her, and then refused to return it to her upon demand, was conduct warranting disbarment.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55, 56, 62; Dec. Dig. ☞44.]

Application for disbarment of Junius C. Ayler, an attorney. On report of the official referee. Respondent disbarred.

See, also, 166 App. Div. 920, 152 N. Y. Supp. 1097.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, and DOWLING, JJ.

Einar Chrystie, of New York City (George Link, Jr., of New York City, of counsel), for petitioner.

James I. Moore, of New York City, for respondent.

PER CURIAM. The respondent is charged by the Association of the Bar of the City of New York with professional misconduct in his relations with a client, Mrs. Mamie C. Thompson.

On or about March 15, 1911, respondent was retained by Mrs. Thompson to appear in her behalf in the Magistrate's Court to answer to a criminal charge brought by one Virginia Pugh. The case came up in the Magistrate's Court on March 17, 1911, when respondent attended and advised his client to plead guilty, which she did, and was discharged with a reprimand. Mrs. Thompson then consulted respondent with reference to bringing an action for divorce against her husband, and in the end retained him to bring such an action. She paid him $50 at that time, and promised to pay him the further sum of $50 in the future; it being conceded by respondent that a total fee of $100 was agreed upon. Respondent prepared a complaint in the divorce action, and made some inquiries as to the husband's whereabouts, but the matter never came to issue.

On March 22, 1911, Mrs. Thompson was served with a summons and complaint in an action for slander brought by Virginia Pugh, and based on the same matters from which had arisen the criminal proceeding in the Magistrate's Court. Respondent drew and served an answer, and cross-notices of trial were given, but nothing further was ever done in the case, which has apparently been abandoned by the plaintiff, Pugh.

These constituted the extent of the legal services rendered by respondent to his client. The charge against respondent has to do with the sum of $600 which he induced Mrs. Thompson to pay to him. He claims that it was paid to him for legal services rendered and to be rendered to her in the three proceedings above mentioned. Her version of the transaction is that he advised her to give it to him for safe-keeping; that he was to retain $150 for his services, and to return her $450 when demanded. She says that, when she retained him to bring the divorce action, he said he would send a man named Allen to see her, for the purpose of getting her husband's address and the name of the woman with whom he was supposed to be living; that Allen called on the same day and obtained the information; that a few days later he called again, and told her that her husband had threatened to bring suit against her for the money she had in banks. Later she saw respondent, who corroborated Allen's story and advised her to draw out what money she had in the bank and give it to him to care for. She accordingly drew out all she had, some $900, and gave $600 of it to respondent. Respondent also told her that he would give her a receipt for the money as if paid for legal fees, so that she could show it in court, if asked what she had done with the money. Of course, respondent and his man Allen denied all this, except the receipt of the $600; but Mrs. Thompson is corroborated by one Louis A. Leavelle, and one Richard H. Ottley, a clergyman, both of whom testify that respondent admitted to them that he had received Mrs. Thompson's money to take care of for her. He also admitted that he had used the money and asked for time to return it. Added to this corroboration is the extreme improbability that a person of Mrs. Thompson's evidently slight means would have paid so much as $600 for the services which respondent rendered.

It seems quite clear that respondent induced his client to intrust her money to him by a shabby trick, and then refused to keep his promise to return it to her. There is no place in an honorable profession for such a man. He is accordingly disbarred. Settle order on notice.